CASE 37—PETITION ORDINARY—JANUARY 11.

# Kirksey v. Turner.

APPEAL FROM M'CRACKEN COURT OF COMMON PLEAS.

1. VALIDITY OF LAND PATENTS.—Entries, surveys and patents are not void merely because they contravene some statutory regulation, unless the statute declares that they are void if issued in contravention of its provisions, or that they shall be deemed fraudulent if made and issued under certain circumstances.

2. SAME.—A patent issued in contravention of a statute which contains no such declaration, being valid upon its face, can not be attacked in a collateral proceeding and disregarded by showing some latent defect, such as would authorize a court to declare it invalid, and set it aside in a direct proceeding for that purpose.

3. SAME.—The Virginia act of 1781, setting apart the land west of the Tennessee River for military purposes, did not annul any prior vested right, and an entry made prior to the passage of the act vested an inchoate legal right which was perfected by a patent issued in conformity therewith, although subsequent to the passage of the act. And this is true as to an entry made during the session of the Legislature at which the act was passed, as the act can not by construction relate back to the first day of the session so as to antedate entries which were in fact made prior to its passage.

4. SAME.—Even conceding that such entries were void, a patent to such land issued by the State of Kentucky in 1806 was valid, for the reason that, no title to the land having been vested in any individual under the Virginia act, the State of Kentucky had the right to authorize the appropriation of it to other uses, which she did by the act of 1795, and the patent issued in 1806 was an actual appropriation of it pursuant to that act.

W. G. BULLITT FOR APPELLANT.

1. The rights of each party being derived from entries made by authority of Virginia, the laws of Virginia must control. (Compact with Virginia; Read v. Smith, 6 Mon., 455-499.)

2. When a patent bears two dates, the later must be taken as the true date. (McGowan v. Crooks, 5 Dana, 67.)

   À fortiori, where the entry bears two dates, the later must be taken as the true date.

3. Until 1785 all legislative acts took effect on the first day of the session at which they passed, both in Virginia and England. (Littell's

Kirksey v. Turner.

Laws, vol. 1, p. 385; Kent's Comm., vol. 1, pp. 456, 457, 458; Rollins, &c., v. Clark, 8 Dana, 15.)

The act appropriating land west of the Tennessee River having passed at the November session, 1781, which met on the 5th of said month (Henning's Va. Stats., vol. 10, p. 439), and December 3d being the earliest day appellees can claim Mayo's entry to have been made, the land west of the Tennessee River was not vacant and unappropriated at the time of Mayo's pretended entry, and said entry was therefore void.

4. The act of 1781 appropriating land west of the Tennessee River was not retroactive. (Caveat case, Hughes' Rep., 77; Rollins, &c., v. Clark, 8 Dana, 15.)

5. When there are no conflicting valid interests in the way, the Legislature may validate an invalid entry. But wherever such validating attempts are in conflict with any valid vested rights, it can not be done.

Clark had a vested right which was not affected by the act of 1794 (1 Littell's Laws, p. 235), and all that is said in Rollins, &c., v. Clark, 8 Dana, 15, that is in conflict with this view, is mere *dictum,* and not binding.

L. D. HUSBANDS AND OSCAR TURNER FOR APPELLEE.

1. The old fiction of British law that an act of Parliament is reckoned as taking effect from the first day of its session long ago ceased to exist, and this court can never follow such an exploded English rule, especially when to do so would divest vested rights.

2. A patent can be impeached only in a direct proceeding, unless the Legislature has declared that the patent shall be *void* or deemed *fraudulent* if issued in contravention of a described state of case. (Taylor v. Fletcher, 7 B. M., 82.)

3. Whether Clark's entry was void or not, the act of 1794 not only authorized, but made it the imperative duty of, the Register to issue a patent on the certificate of survey, as he seems to have done in obedience to that act; and a patent thus issued, pursuant to mandate of law, can not be deemed void merely because the entry was invalid.

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

On November 20 and December 3, 1781, Mayo made two entries under the Treasury Warrant Law of Virginia, embracing 17,000 acres of land lying on Clark's River and west of the Tennessee River, in this State. In 1784 these entries were surveyed, and in 1806 a patent was issued by this State for said land. The appellee, many years ago,

purchased a part of this land, and it is admitted that he is the owner thereof as far as the patent and deed to him confers title and right to possession.

The appellant was sued by the appellee for trespassing upon said land by cutting and taking timber therefrom. To this action the appellant made defense that the appellee was not the owner of the land; that Clark, by entry April 1, 1785, under the Virginia Land Warrant Law, and survey in 1825, and patent from this State in 1826, obtained title to this land, and as the Mayo entry, survey and patent were void, Clark's entry, survey and patent is the paramount and only title to the land, which the appellant relies upon as a bar to the appellee's right of action.

There is no evidence connecting the appellant with Clark's title, if he has title. He stands before this court as a trespasser upon land that does not belong to him and to which he has not even color of right, and his only hope of protection is to show that the entry, survey and patent of Mayo is void and confers upon the appellee no proper title whatever upon which to rely; and, as he had no actual possession of the land at the time of the trespass, he had no right of action whatever.

The appellant relies on an act of the Virginia Legislature (passed subsequent to the two entries mentioned) setting apart the land west of the Tennessee River for military purposes, etc. It is claimed that by the law then in force in Virginia an act passed at any time during the term of the Legislature related back and took effect on the first day of its term; and as the first day of its term was prior to the Mayo entry and survey, the same was overreached and made void, and the patent that was

Kirksey v. Turner.

thereafter issued upon said entry and survey was likewise void.

Now, the act relied upon as setting this land apart for military purposes does not declare that entries, surveys and patents in contravention of it shall be void. We understand that entries, surveys and patents are not void merely because they contravene some statutory regulation, unless the statute declares that they are void if issued in contravention of its provisions, or that they shall be deemed fraudulent if made and issued under certain circumstances. As said, the Legislature, by said act, not having done either of these things, the entry, survey and patent are not void. Then, the question is— the patent being valid upon its face—can it be attacked in a collateral proceeding and disregarded by showing some latent defect, the same as would authorize a court to declare it invalid and set it aside in a direct proceeding for that purpose?

It is sufficient to say that this court, by uniform decision, has decided that such patents can not be attacked in a collateral proceeding; that it required a direct proceeding to attack them; that such patents as are declared void or fraudulent in the manner suggested are the only ones that can be attacked collaterally; also, there is no question raised that these entries were not valid at the time they were made, and nothing appearing to the contrary, we must presume that they were.

In the case of Rollins, &c., v. Clark, 8 Dana, 15, this court decided that such entries, when made according to law, were locations and appropriations of vacant land and vested an inchoate legal right, which was perfected by a patent issued in conformity therewith. According to

this rule we are at a loss to know how a subsequent act of the Virginia Legislature could, by construction, relate back and antedate these entries so as to destroy the inchoate legal title with which Mayo was vested by said entries and prevent him from perfecting the same by patent. It seems to us that to allow it to be done would be monstrous.

Besides all this, it is expressly held in the case *supra*, that conceding such entries as were made in this case void, the patent that issued to Mayo in 1806 by this State was not also void; because, at the date of the patent, the land was not actually entered and patented, but belonged to the State of Kentucky, and she had the power to dispose of all the land within her limits, not specifically disposed of to others, so as to invest them with title. No person, at the date of the patent, had taken up this land so as to vest an inchoate legal title in him. It belonged to the State of Kentucky, and no title to it having been vested in any individual under said Virginia act, Kentucky had the right to appropriate it to other uses, which she did by the act of 1795, authorizing the appropriation of it, and which was actually appropriated to Mayo by patent.

The rule thus announced in the case *supra*, whatever counsel may think of its correctness when rendered, should be invoked now as a bulwark to protect persons in property rights acquired nearly a hundred years ago, and which have never been questioned until now; and to overrule the one in the particular mentioned would have the effect to invalidate the paper title to all the property in the growing, beautiful and magnificent city of Paducah.

The judgment is affirmed.